In the Matter of FRANK J. MATYEVICH, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, February 20, 1962.

*Lubell & Lubell* for appellant.

*Louis J. Lefkowitz, Attorney-General (Harold F. Lee, Paxton Blair* and *Samuel Stern* of counsel), for respondent.

COON, J.   Claimant had been a pipe coverer, a trade which consists of applying asbestos material around metal pipes, for 20 years.  About half of that time he was in employment in various shipyards, and the other half was in the building and construction industry.  During his base period necessary to qualify for benefits claimant worked at a shipyard operated by the United States Government.  The prevailing wage for pipe coverers in the building and construction industry in the same locality and during the same period was $4.20 per hour.  In the marine industry it was $2.75 per hour.  It is a fair inference from the record that the reason for this disparity is that in the building construction industry the demand for pipe coverers is

seasonal and spasdomic and at times the demand is very heavy, while in the marine industry it is steady and continuous. The Appeal Board has treated them as separate industries, and held that only the prevailing wage in the marine industry may be considered. The fact remains, however, that substantially the same skill is required in both, and that the claimant is qualified to work in either "industry".

The pertinent part of the statute (Labor Law, § 593, subd. 2), provides: "No refusal to accept employment shall be deemed without good cause nor shall it disqualify any claimant otherwise eligible to receive benefits if * * * (d) the wages or compensation or hours or conditions offered are substantially less favorable to the claimant than those prevailing for similar work in the locality".

Claimant has refused re-employment in the shipbuilding industry at $2.64 per hour, substantially the prevailing wage in that industry, contending that the wages offered were substantially less than those being paid for the same skills in the building and construction industry in the same locality.

The Commissioner, the Referee and the Appeal Board have all held that the refusal was unjustified. The rationale of the Appeal Board decision is that there were two separate industries — the shipbuilding industry and the building and construction industry — and that the prevailing wage in one has nothing to do with the other. We do not think such an interpretation is unreasonable, under the circumstances of this case, although the statute does not mention industries but refers only to wages prevailing for "similar work in the locality".

But the case need not turn upon that distinction alone. We think "similar work" should be related to the job offered — in this case in a shipyard. The job offered was one for which claimant was qualified by training and experience. The wages offered were substantially the wage prevailing in the job offered. In those circumstances claimant is not justified in refusing the job because it pays less than a job *which is not available* for which claimant's skill might qualify him if such a job were available. (*Matter of Shotkin* [*Catherwood*], 10 A D 2d 738.)

Moreover, to permit a claimant to be that selective in refusing a job offer would do violence to the intent, purpose and very foundation of the Unemployment Insurance Law. The law was designed to alleviate the hardship of those totally and involuntarily unemployed through no fault of their own. (Labor Law, § 501.) The law was not intended to regulate wages nor to assist a person for whom suitable employment is available at $2.64 per hour who refuses the job because some other job, not

available, has a higher wage scale. If a claimant could be that selective, the whole underlying purpose of the Unemployment Insurance Law collapses. (*Matter of Sellers* [*J. W. Mays, Inc.*], 13 A D 2d 204.)

The decision of the Unemployment Insurance Appeal Board should be affirmed, without costs.

HERLIHY, J. (concurring in result). I disagree with the majority that the statute permits an interpretation that under the circumstances herein there can be two separate industries — the shipbuilding industry and the building and construction industry — for the purpose of determining a prevailing wage. In my opinion, the employment record of the claimant as a " pipe coverer " demonstrates to the contrary as he had worked in each industry.

Originally, the issue tried before the Referee concerned the refusal by the claimant to accept an offer of $2.64 an hour instead of his demand of $2.75.

The Appeal Board, while deciding that the claimant was not entitled to unemployment insurance benefits, nevertheless, felt constrained to develop a theory, not contained in the statute, of two separate industries regardless of the fact that in both the claimant performed the same type of services.

The " two separate industries " theory will create havoc with the law.

In *Matter of Shotkin* (*Catherwood*) (10 A D 2d 738) the board said that there were two separate industries for the purpose of determining the prevailing wage, (1) employment by a clerk in a hospital at one rate; (2) employment by a clerk in a public utility at a different rate. This court stated that such was not the test but rather the wages available for the job offered.

In my opinion, the statute makes no such distinction between industries when there is no difference between the skills required of the employee. The statute requires similar work in the same locality and the facts herein need not be interpreted to violate paragraph [d] of subdivision 2 of section 593 of the Labor Law as to prevailing wages or such as tend to depress wages or working conditions. The mere fact that one type of employer pays a higher wage than another to an employee who is fitted and trained by experience to perform the same work for either employer is not the sole test in determining the rights to benefits.

This case should be decided solely on the second ground advocated by the majority which I understand to be that claimant's contention that he is entitled to benefits is abhorrent to the intent and purpose of the law. A claimant who has the oppor-

tunity to earn in his type of employment in excess of $100 per week — the fact in this case — was never intended to be the recipient of unemployment insurance.

To otherwise hold would be contrary to the public policy of this State (see Labor Law, § 501) and would require legislative consideration.

BERGAN, P. J., REYNOLDS and TAYLOR, JJ., concur with COON, J.; HERLIHY, J., concurs in the result in an opinion.

Decision of the Unemployment Insurance Appeal Board affirmed, without costs.